## Case No. 877.

### BANK OF COLUMBIA v. OKELEY.

Circuit Court, District of Columbia.

[Cited in Smith v. Bank of Columbia and Bank of U. S., Case No. 13,011. Decree of circuit court nowhere reported; opinion not now accessible. See Bank of Columbia v. Okely, 4 Wheat. (17 U. S.) 235.]

## Case No. 878.

### BANK OF COLUMBIA v. OTT.

[2 Cranch, C. C. 529.] [1]

Circuit Court, District of Columbia. Dec. Term, 1824.

PLEADING—MISNOMER OF A CAUSE IN MARGIN OF PLEA

The title of the cause written in the margin of a plea is no part of the plea, but is only an intimation to the clerk in what cause he is to enter the plea; and a mistake in the name of one of the parties in the cause, made in the marginal title, is not fatal to the plea, even upon special demurrer.

The defendants pleaded the statute of limitations. [See subsequent hearing in such plea. Bank of Columbia v. Ott, Case No. 879.] The name of the plaintiffs, in the margin, or at the head of the plea, was "The President and Directors of the Bank of Columbia," whereas the corporate name of the plaintiffs was "The President, Directors and Company of the Bank of Columbia." The plaintiffs demurred specially to the plea, and assigned the same cause of demurrer as in the case of the same plaintiffs against Richard Jones, at the present term, [Case No. 870.]

Mr. Marbury, for the defendant, notwithstanding the decision of the court in that case, was permitted to argue the point again. He contended that the names of the parties in the margin do not constitute any part of the plea. 1 Chitty, 528; Dale v. Beer, 7 East, 333; Dyer v. Stevens, 6 Mass. 389.

Messrs. Key & Dunlop, contra, cited 1 Chitty, 527, 528, 645, 656; Roberts v. Moon, 5 Term R. 487.

THE COURT (THRUSTON, Circuit Judge, contra) decided that the plea was good, considering the titling as no part of the plea, but an indication to the clerk in what cause he is to enter the plea; overruling the case of Bank of Columbia v. Jones, [supra,] at this term.